IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DAVID ORMISTON,                    )
                                   )    2:10-cv-00830-GEB-KJN
          Plaintiff,               )
                                   )
     v.                            )    ORDER GRANTING MOTION TO
                                   )    DISMISS**
STATE OF CALIFORNIA, CHARLES       )
TEDDINGTON, ED QUAM, BOARD OF      )
NURSING HOME ADMINISTRATION,       )
BRENDA KLUTZ,                      )
                                   )
          Defendants.*             )
_____
```

Defendants Ed Quam and Brenda Klutz ("Defendants") move for dismissal of the four claims in Plaintiff's complaint, under Federal Rule of Civil Procedure ("Rule") 12(b)(6), arguing that each claim fails to state a viable claim.  Defendants also argue they have immunity from being exposed to liability for Plaintiff's fourth claim in which Plaintiff alleges malicious prosecution. Plaintiff failed to file an opposition or statement of non-opposition to the Defendants' motion as required by Local Rule 230(c).  This failure could result in Plaintiff's counsel being issued an order to show cause regarding why counsel failed

---

* The caption in this case has been amended to reflect the Court's Order dismissing Defendants Cyd Ramirez, Mitchell Miller, Patricia Morrison, and Georgia Rivers. (ECF No. 30.)

** This matter is deemed suitable for decision without oral argument.  E.D. Cal. R. 230(g).

1

to comply with Local Rule 230(c).  Plaintiff did file a request to dismiss his fourth claim on August 31, 2010, which moots the portion of Defendants' motion seeking to dismiss that claim since Plaintiff's request to dismiss his fourth claim is GRANTED. (ECF No. 28.)

### I. Legal Standard

A Rule 12(b)(6) dismissal motion tests the legal sufficiency of the claims alleged in the complaint. Novarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Dismissal of a claim under Rule 12(b)(6) is appropriate only where the complaint either 1) lacks a cognizable legal theory, or 2) lacks factual allegations sufficient to support a cognizable legal theory. Balistreri v. Pacific Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).  To avoid dismissal, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.

In deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, conclusory statements and legal conclusions are not entitled to a presumption of truth. See Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949-50 (2009); Twombly, 550 U.S. at 555. "In sum, for a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that

content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

## II. Factual Allegations in Plaintiff's Complaint

Plaintiff was licensed as a nursing home administrator by the State of California. (Compl. ¶ 16.) Plaintiff was operating a skilled nursing facility in Davis, California in April, 2000, when he authorized the emergency discharge of a resident because "that resident posed an immediate and substantial danger to other residents and the staff at that facility." Id. ¶¶ 16-17.

In April, 2003, "Defendants QUAM . . . and KLUTZ, acting within the scope of their respective authorities directed defendant TEDDINGTON to conduct an investigation into" Plaintiff's emergency discharge of the resident. Id. ¶ 17. Quam, "was . . . a District Administrator with the DEPARTMENT OF HEALTH SERVICES" and Klutz "was an administrator in the Licensing and Certification Branch of the DEPARTMENT OF HEALTH SERVICES." Id. ¶¶ 7, 11. "Substantial evidence and sworn court testimony was available for review to the Defendants prior to the commencement of the TEDDINGTON investigation to lead any reasonable person to conclude that the emergency discharge of the resident was justified and required[.]" Id. ¶ 18. "Defendants began the TEDDINGTON investigation for the purposes of justifying actions against the license of [Plaintiff] regardless of the true facts." Id. ¶ 19.

Plaintiff alleges if the investigation had "been fairly conducted or adequately reviewed, [it] would have disclosed that there were no facts to justify any action against" his license; however, Defendants were "determined to bring an unjustified and unmeritorious administrative action against [Plaintiff] to deprive him of his Fifth

1 Amendment property rights to his license[.]" Id. ¶ 20. "On or about
2 August 20, 2003, Defendants authorized the commencement of an
3 administrative complaint to be filed against" Plaintiff. Id. ¶ 21.
4 "Defendants thereafter compounded the damage done to [Plaintiff] during
5 the [administrative] proceeding by knowingly presenting the perjured
6 testimony of CHARLES TEDDINGTON, with knowledge of the falsity of the
7 testimony, and persisted in the pursuit of the action[.]" Id. An
8 Administrative Law Judge found "the actions of [Plaintiff] were not only
9 justified, but were required by the regulations which dictate his
10 behavior under his license and further found that the testimony of
11 TEDDINGTON, as the chief witness at the proceedings, was false and
12 tainted the entire proceeding." Id.

13 Plaintiff alleges in his three claims that Defendants violated
14 his "Civil Rights under Color of State Law," and conspired "to Violate
15 his Civil Rights under Color of State Law"; and states he has the
16 following three claims: 1) "Due Process-Liberty Interests"; 2) "Due
17 Process-Property"; and 3) "Due Process-Liberty[.]" Id. 5:19-20, 7:7-8,
18 8:3-4. Specifically, Plaintiff alleges in his first claim:

> Defendants, and each of them, acted in concert with each other pursuant to official policies, plans and training of their respective agencies, which are departments of STATE OF CALIFORNIA. These departments promulgated the policies and plans and conducted the training which manifests a deliberate indifference to the constitutional rights of persons lawfully practicing his or her chosen profession and, more particularly, the rights of Plaintiff.

Id. ¶ 28. Plaintiff alleges because of these acts he has suffered loss of reputation, incurred attorneys' fees rebutting the false allegations, and suffered emotional distress associated with the prosecution Defendants subjected him. Id. ¶ 29. Plaintiff alleges in his second claim that Defendants acted to deprive him of his property interest in

4

his state granted license "by making the false statements[.]" Id. ¶¶ 33-34. Plaintiff alleges in his third claim that Defendants sought to deprive him of his liberty interest in his reputation and license "by making the false statements[.]" Id. ¶¶ 38-39.

### III. Discussion

Defendants argue Plaintiff has alleged in a conclusory manner that all Defendants conspired together to deprive Plaintiff of his operating license. (Mot. to Dismiss ("Mot") 3:13-15.) Defendants argue Plaintiff's only specific allegation against them is that they directed Teddington to conduct an investigation of the emergency discharge of a resident incident. Defendants also argue there is no vicarious liability for civil rights violations and Plaintiff has failed to allege facts showing supervisor liability. Id. 4:1-5.

Plaintiff alleges his claims under 42 U.S.C. § 1983. (Compl. ¶¶ 22-41.)

> Section 1983 provides, in pertinent part, that "(e)very person who, under color of any statute of any state . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution . . . , shall be liable to the party injured . . . ." A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made. Moreover, personal participation is not the only predicate for section 1983 liability. Anyone who "causes" any citizen to be subjected to a constitutional deprivation is also liable. The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.

Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978) (citations omitted).

1  "A supervisor may be liable if there exists either (1) his or
2 her personal involvement in the constitutional deprivation, or (2) a
3 sufficient causal connection between the supervisor's wrongful conduct
4 and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646
5 (9th Cir. 1989). "Supervisory liability exists even without overt
6 personal participation in the offensive act if supervisory officials
7 implement a policy so deficient that the policy itself is a repudiation
8 of constitutional rights and is the moving force of the constitutional
9 violation." Id. (internal quotation marks omitted).  However, vicarious
10 liability is inapplicable to § 1983 actions and thus "[g]overnment
11 officials may not be held liable for the unconstitutional conduct of
12 their subordinates under a theory of respondeat superior." Ashcroft v.
13 Iqbal, 129 S. Ct. at 1948.

14  Defendants argue "the only factual assertion against [them] is
15 that as supervisors they 'directed' . . . Teddington to investigate the
16 April 13, 2000, incident." (Mot. 4:8-9.) Defendants contend Plaintiff
17 has failed to allege sufficient facts plausibly suggestive of his
18 claims that they personally participated in the violation of his civil
19 rights, that they directed Teddington to violate Plaintiff's civil
20 rights, and that they implemented a constitutionally infirm policy or
21 procedure that Teddington followed when he allegedly violated
22 Plaintiff's civil rights. Id. 4:9-14.  Defendants also argue that
23 "generalized accusations against an entire group of people, without
24 identifying any conduct by any individual, are insufficient to show the
25 basis of the alleged claim against [Defendants]." Id. 4:18-21.

26  Plaintiff has failed to sufficiently allege that Defendants
27 had any personal involvement in the constitutional deprivations about
28 which he complains. Plaintiff has merely alleged that Defendants

6

1 directed Teddington to investigate the emergency discharge of a
2 resident. Plaintiff's complaint is comprised of conclusory allegations
3 asserting what Defendants should have known before the Teddington
4 investigation commenced, that the investigation was conducted based on
5 a false premise and for illicit purposes, and that Defendants knew
6 Teddington would present false testimony about Plaintiff. (Compl. ¶¶ 17-
7 21.)

8 However, conclusory allegations are "not entitled to be
9 assumed true." Ashcroft, 129 S. Ct. at 1951. "A plaintiff must allege
10 facts, not simply conclusions, that show that an individual was
11 personally involved in the deprivation of his civil rights. Liability
12 under § 1983 must be based on the personal involvement of the
13 defendant." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

14 Nor has Plaintiff alleged sufficient non-conclusory factual
15 allegations to support his claim that Defendants failed to train,
16 supervise, or control their subordinates. See Moss v. United States
17 Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to
18 survive a motion to dismiss, the non-conclusory factual content, and
19 reasonable inferences from that content, must be plausibly suggestive of
20 a claim entitling the plaintiff to relief.") (internal quotation marks
21 omitted). Plaintiff has merely alleged the "departments promulgated the
22 policies and plans and conducted the training which manifests a
23 deliberate indifference to the constitutional rights of persons lawfully
24 practicing his or her chosen profession and, more particularly, the
25 rights of Plaintiff." (Compl. ¶ 28.) These conclusory allegations are
26 insufficient to state a claim. See Ashcroft, 129 S. Ct. at 1954 ("Rule
27 8 does not empower respondent to plead the bare elements of his cause of
28

action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss.").

Therefore, Defendants' dismissal motion is GRANTED. Plaintiff's three claims against Defendants Quam and Klutz are dismissed. However, Plaintiff is granted fourteen (14) days leave from the date on which this order is filed within which to file a First Amended Complaint that amends the three claims dismissed against Defendants Quam and Klutz.

Dated:  October 14, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge