IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID ORMISTON, | ) | 2:10-cv-00830-GEB-KJN |
| Plaintiff, | ) | |
| | ) | STATUS (PRETRIAL SCHEDULING) |
| v. | ) | ORDER |
| | ) | |
| STATE OF CALIFORNIA, CHARLES | ) | |
| TEDDINGTON, ED QUAM, BOARD OF | ) | |
| NURSING HOME ADMINISTRATION, | ) | |
| BRENDA KLUTZ, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

        The status (pretrial scheduling) conference scheduled for
December 13, 2010, is vacated since the parties' Joint Status Report
filed on November 29, 2010 ("JSR") indicates that the following Order
should issue.

SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

        No further service, joinder of parties or amendments to
pleadings is permitted, except with leave of Court for good cause shown.

DISCOVERY

        All discovery shall be completed by October 1, 2011. In this
context, "completed" means that all discovery shall have been conducted
so that all depositions have been taken and any disputes relative to
discovery shall have been resolved by appropriate orders, if necessary,
and, where discovery has been ordered, the order has been complied with

1

1 │ or, alternatively, the time allowed for such compliance shall have
2 │ expired.

3 │        Each party shall comply with Federal Rule of Civil Procedure
4 │ 26(a)(2)(c)(i)'s initial expert witness disclosure requirements on or
5 │ before May 2, 2011, and any contradictory and/or rebuttal expert
6 │ disclosure authorized under Rule 26(a)(2)(c)(ii) on or before June 2,
7 │ 2011.

8 │                        MOTION HEARING SCHEDULE

9 │        The last hearing date for motions shall be December 5, 2011,
10 │ at 9:00 a.m.[1]

11 │        Motions shall be filed in accordance with Local Rule 230(b).
12 │ Opposition papers shall be filed in accordance with Local Rule 230(c).
13 │ **Failure to comply with this local rule may be deemed consent to the**
14 │ **motion and the Court may dispose of the motion summarily.**  Brydges v.
15 │ Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely
16 │ oppose a summary judgment motion may result in the granting of that
17 │ motion if the movant shifts the burden to the nonmovant to demonstrate
18 │ a genuine issue of material fact remains for trial.  Cf. Marshall v.
19 │ Gates, 44 F.3d 722 (9th Cir. 1995).

20 │        The parties are cautioned that an untimely motion
21 │ characterized as a motion in limine may be summarily denied.  A motion
22 │ in limine addresses the admissibility of evidence.

23 │                        FINAL PRETRIAL CONFERENCE

24 │        The final pretrial conference is set for February 6, 2012, at
25 │ 2:30 p.m.  The parties are cautioned that the lead attorney who WILL TRY

26 │

27 │ ─────────────────

28 │        [1]   This time deadline does not apply to motions for continuances,
   │ temporary restraining orders, emergency applications, or motions under
   │ Rule 16(e) of the Federal Rules of Civil Procedure.

THE CASE for each party shall attend the final pretrial conference.  In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference.[2] The joint pretrial statement shall specify the issues for trial, including a description of each theory of liability and affirmative defense, and shall estimate the length of the trial.[3]  The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference.  See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

---

[2]    The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

[3]    If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.

<u>TRIAL SETTING</u>

Trial shall commence at 9:00 a.m. on May 15, 2012.

IT IS SO ORDERED.

Dated:  December 6, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge