1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   DAVID ORMISTON,                    )
                                       )      2:10-cv-00830-GEB-KJN
9            Plaintiff,                )
                                       )
10        v.                           )      ORDER GRANTING SUMMARY
                                       )      JUDGMENT
11  CHARLES TEDDINGTON,                )
                                       )
12           Defendant.                )
    _____   )
13

14          Defendant Charles Teddington ("Teddington") moves for summary

15  judgment on all of Plaintiff David Ormiston's ("Ormiston's") claims,

16  arguing Ormiston "lacks sufficient evidence to establish that

17  [Teddington] violated any of [Ormiston's] civil rights" and that

18  "Teddington is entitled to absolute and qualified immunity." (Def.'s

19  Mot. for Summ. J. ("Mot.") 1:25-27.) Ormiston opposes the motion.

20                         **I. LEGAL STANDARD**

21          A party seeking summary judgment bears the initial burden of

22  demonstrating the absence of a genuine issue of material fact for trial.

23  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is

24  'material' when, under the governing substantive law, it could affect

25  the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat. Trust &

26  Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v.

27  Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material

28

1

fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

When the defendant is the moving party and is seeking summary judgment on one or more of a plaintiff's claims,

> [The defendant] has both the initial burden of production and the ultimate burden of persuasion on [the motion]. In order to carry its burden of production, the [defendant] must either produce evidence negating an essential element of the [plaintiff's claim] or show that the [plaintiff] does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. In order to carry its ultimate burden of persuasion on the motion, the [defendant] must persuade the court that there is no genuine issue of material fact.

Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000) (citations omitted). If the moving party satisfies its initial burden, "the non-moving party must set forth, by affidavit or as otherwise provided in [Federal] Rule [of Civil Procedure] 56, specific facts showing that there is a genuine issue for trial." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citation and internal quotation marks omitted). The "non-moving plaintiff cannot rest upon the mere allegations or denials of the adverse party's pleading but must instead produce evidence that sets forth specific facts showing that there is a genuine issue for trial." Estate of Tucker ex rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1030 (9th Cir. 2008) (citation and internal quotation marks omitted).

Further, Local Rule 260(b) requires:

> Any party opposing a motion for summary judgment or summary adjudication [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the

2

> particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

If the nonmovant does not "specifically . . . [controvert duly supported] facts identified in the [movant's] statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006).

> Because a district court has no independent duty to scour the record in search of a genuine issue of triable fact, and may rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment, . . . the district court . . . [is] under no obligation to undertake a cumbersome review of the record on the [nonmoving party's] behalf.

Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (citation and internal quotation marks omitted).

Evidence must be viewed "in the light most favorable to the non-moving party," and "all reasonable inferences" that can be drawn from the evidence must be drawn "in favor of [the non-moving] party." Nunez v. Duncan, 591 F.3d 1217, 1222-23 (9th Cir. 2010).

## II. UNCONTROVERTED FACTS

"On April 1, 2003, [Teddington, an investigator for the California Department of Health Services (hereinafter, 'the Department'),[1]] was assigned to investigate an incident that occurred on

---

[1]    "Effective July 1, 2007, the Department of Health Services was reorganized into two separate departments, the Department of Health Care Services and the Department of Public Health." (Proposed Decision 1 n.1, In the Matter of Ormiston, Appeal No. NH5-04-0072-MD (June 29, 2009, Cal. Dep't of Health Care Servs.) (attached as Ex. 2 to Hensley Decl.).)

3

April 13, 200[0],[2] wherein [Ormiston] discharged a patient . . . from [Ormiston's] skilled nursing home." (Pl.'s Response to Def.'s Statement of Undisputed Facts ("Pl.'s Response to SUF") #2-1; Teddington Dep. 32:9-10.) "At the conclusion of his investigation, [Teddington] authored a report[,] . . . [which] was completed prior to July 24, 2003." (Pl.'s Response to SUF #2-2, 2-4.) "On August 21, 2003, the Department . . . commenced an administrative action against [Ormiston's] nursing home [administrator's] license [(hereinafter, 'Ormiston's license')]" based upon Teddington's report. (Pl.'s Response to SUF #1-1; Teddington Dep. 595:16-24.) The Department "[sought] an order suspending [Ormiston's] . . . license for a period of six months." (Proposed Decision 2:20-21, In the Matter of Ormiston, Appeal No. NH5-04-0072-MD (June 29, 2009, Cal. Dep't of Health Care Servs.) (attached as Ex. 2 to Hensley Decl.).) Ormiston appealed the Department's decision. Id.

The administrative law judge (hereinafter, the "ALJ") stated the following in the order he issued at the conclusion of Ormiston's appeal:

> Of particular concern to this examiner was the original testimony of [Teddington] that he never examined the review of Dr. Locatell during his investigation. It became painfully obvious during the hearing that Mr. Teddington had copied verbatim statements and conclusions of Dr. Locatell. When challenged on cross-examination, [Teddington] recanted his prior testimony, and admitted to the similarities. This egregious behavior under oath casts grave doubts as to the believability of any

---

[2]    Teddington states in his statement of undisputed facts that the incident "occurred on April 13, 2003," which is twelve days after Teddington was assigned to investigate the incident. (Def.'s Statement of Undisputed Facts ("Def.'s SUF") #2-1; Pl.'s Response to SUF #2-1.) However, the ALJ's order states that the incident occurred on April 13, 2000. (Proposed Decision 4:19-5:20, In the Matter of Ormiston, Appeal No. NH5-04-0072-MD (June 29, 2009, Cal. Dep't of Health Care Servs.) (attached as Ex. 2 to Hensley Decl.).)

of [Teddington's] conclusions and testimony relevant to his investigation.

*Id.* at 11:1-8. The ALJ struck Teddington's testimony and "set aside" the Department's action against Ormiston's license. *Id.* at 11:8-9, 12:10-11. The Department adopted the ALJ's order as the Department's final decision on July 29, 2009. (Final Decision, In the Matter of Ormiston, Appeal No. NH5-04-0072-MD (July 29, 2009, Cal. Dep't of Pub. Health) (attached as Ex. 2 to Hensley Decl.).)

Ormiston alleges in his First Amended Complaint ("FAC") that Teddington's investigation was not "fairly conducted" and that Teddington continued the investigation despite knowing "that there were no facts to justify any action against [Ormiston's license]." (FAC ¶¶ 16-17.) Ormiston also alleges Teddington "knowingly [gave] . . . perjured testimony" during the hearing on Ormiston's appeal. (FAC ¶ 17.d.) Ormiston alleges Teddington is liable under 42 U.S.C. § 1983 for "deny[ing] [Orimston's] fundamental property [and liberty] interest[s] . . . under the Due Process Clause of the Fourteenth Amendment in his state granted license as an administrator of a skilled nursing facility." (FAC ¶¶ 21, 23, 29, 34.)

### III. EVIDENTIARY OBJECTION

Teddington challenges the authenticity of the document attached as Exhibit 1 (hereinafter, "Ormiston's Exhibit 1") to the declaration of Ormiston's attorney: Lawrence Hensley ("Hensley"). (Def.'s Reply ("Reply") 2:1-6.) Hensley declares in his declaration that Ormiston's Exhibit 1 is "a true and correct copy of the investigation report prepared by . . . Teddington that was admitted into evidence in the [administrative proceeding against Ormiston's license]." (Hensley Decl. ¶ 2.) Teddington specifically argues that Ormiston's Exhibit 1 "is

not [Teddington's] 'report.' [The document attached as Ormiston's Exhibit 1] appears to be just a summary of witness statements or [some] other draft document. It is missing pages, has been redacted[,] and there is information that has been added." (Reply 2:2-5.)

While "[a]n attorney may submit a declaration as evidence [in support of] a motion for summary judgment[,] . . . the declaration must be made upon personal knowledge and set[] forth fact[s] that would be admissible in evidence if the attorney were testifying at trial." Clark v. Cnty. of Tulare, 755 F. Supp. 2d 1075, 1083 (E.D. Cal. 2010). Hensley stated during oral argument on this motion that he was not involved with the administrative proceeding against Ormiston's license and he did not attend the hearing before the ALJ during which Teddington's report was introduced into evidence. Therefore, Hensley lacks personal knowledge and his declaration fails to establish the authenticity of Ormiston's Exhibit 1. Although Hensley stated during oral argument that he could have someone testify to the authenticity of Ormiston's Exhibit 1, no attempt has been made to supplement the record. Since "the [Ninth Circuit] has repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support [or defend against] a motion for summary judgment," Teddington's objection is sustained and Ormiston's Exhibit 1 is not considered. Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) (internal quotation marks and citations omitted); Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1182 (9th Cir. 1988) ("[The attorney's] declaration does not lay an adequate foundation for [the introduction of deposition] testimony. It is not enough that [the attorney] characterizes the testimony as a 'true and correct copy.'").

# IV. DISCUSSION

Teddington argues that his "alleged failure to conduct a 'fair' or 'adequate' investigation . . . does not []rise to the level of a constitutional violation and would not give rise to a claim under § 1983." (Mot. 4:5-7.) Ormiston counters that "a triable issue of fact is present as to whether Teddington actually fabricated evidence." (Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Opp'n") 8:23-24.)

The Ninth Circuit has held that "[the] Fourteenth Amendment due process right to be free from deliberately fabricated evidence in a [license revocation] proceeding" is violated where "an investigator . . . purposefully reports that [he] has interviewed witnesses, when [he] has actually only attempted to make contact with them." Costanich v. Dep't of Soc. & Health Servs., 627 F.3d 1101, 1111, 1113-14 (9th Cir. 2010). Ormiston argues that a "review of [Teddington's] report shows that virtually all of the interview summaries that were included in [Teddington's] report were lifted either verbatim or almost verbatim from interviews performed by others more than two years prior to the date of the purported interview conducted by [Teddington][,]" which "raises serious questions about whether [Teddington] ever interviewed these witnesses at all and simply fabricated the fact that he had performed any independent investigation . . . ." (Opp'n 8:2-7.)

However, Ormiston's arguments rely on the content of Teddington's report for evidentiary support, and Ormiston failed to present an admissible copy of that report. Further, Ormiston has not shown that witnesses never made the statements in Teddington's report about which Ormiston complains; specifically, Ormiston complains that Teddington falsely averred he personally spoke to and took a statement from each witness listed in his report. The ALJ's finding regarding

Teddington's use of Dr. Locatell's statements and conclusions in his report supports Ormiston's argument that Teddington copied information in his report verbatim from previous investigations performed by others, and also supports drawing a reasonable inference that Teddington was deceitful in stating that he obtained certain information in his report by personally interviewing witnesses.

Even assuming, *arguendo*, that this evidence is sufficient to raise a genuine issue of material fact regarding whether Teddington deliberately falsified evidence in his report, Teddington argues he is shielded from being exposed to liability for Ormiston's claims by his qualified immunity defense. "The court applies a two-prong analysis to determine whether [an] official[] [is] entitled to qualified immunity: (1) whether the facts alleged show that the officer violated a constitutional right; and (2) if so, whether that right was clearly established at the time of the event. These two questions may be considered in either order." Rosenbaum v. Washoe Cnty., 663 F.3d 1071, 1075 (9th Cir. 2011) (citations omitted).

Teddington argues that "the [right to be free from deliberately fabricated evidence in a civil proceeding] was not clearly established at the time [Teddington] conducted his investigation and prepared his report," because that right was not clearly established until the Ninth Circuit decided Costanich v. Department of Social and Health Services ("Costanich"), 627 F.3d 1101 (9th Cir. 2010), in 2010. (Mot. 7:26-8:5.) Teddington cites the following language from <u>Costanich</u> in support of his argument:

> [G]oing forward, reasonable government officials are on notice that deliberately falsifying evidence in a child abuse investigation and including false evidentiary statements in a supporting declaration violates constitutional rights where it results in the deprivation of

1
2          liberty or property interests, be it in a criminal
           or civil proceeding.

3                    . . .

4          However, given the distinctions between
           criminal prosecutions and civil foster care
           proceedings, we cannot say that this right was
5          clearly established as of 2001, when the conduct at
           issue in this case occurred.

6

7   627 F.3d at 1115. Ormiston counters that "[t]he panel of the Ninth

8   Circuit that issued the opinion in Costanich did not discuss or cite

9   cases in which it was held that qualified immunity does not apply to

10  conduct which is obviously criminal in its nature[,] nor did the Court

11  discuss contemporaneous cases from other circuits issued either in or

12  prior to 2001 . . . ." (Opp'n 9:26-10:3.) However, based on the

13  reasoning in Costanich, the right to be free from deliberate

14  falsification of evidence in a civil proceeding was not clearly

15  established until 2010, which was seven years after Teddington conducted

16  his investigation and authored his report. Therefore, under the

17  circumstances here, where the most that can be reasonably inferred is

18  that Teddington was deceitful in stating he obtained certain information

19  in his report by personally interviewing witnesses, and under the

20  rational of Costanich, Teddington is qualifiedly immune from Ormiston's

21  damage claims arising from Teddington's investigation and report.

22          Teddington also argues he is entitled to absolute witness

23  immunity for "liability for his alleged false testimony" given during

24  the hearing for Ormiston's appeal. (Mot. 5:1-26.) Ormiston does not

25  respond to this argument in his opposition to Teddington's motion. Since

26  "witnesses who testify in court at adversarial . . . hearings are

27  absolutely immune from liability under section 1983 for damages

28  allegedly caused by their testimony," Teddington is absolutely immune

for any damages caused by his testimony during the hearing for Ormiston's appeal. Holt v. Castaneda, 832 F.2d 123, 127 (9th Cir. 1987).

### V. CONCLUSION

For the stated reasons, Teddington's motion for summary judgment is granted, and judgment shall be entered in favor of Defendant.

Dated:  January 25, 2012

GARLAND E. BURRELL, JR.
United States District Judge